## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

|  |  |  |
|---|---|---|
| SERGEI KOVALEV, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.**_____ |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA; | ) | |
| | ) | |
| PAULA WEISS, Executive Director of Philadelphia Office of Administrative Review, in her individual capacity; | ) ) ) | |
| | ) | |
| YOLANDA KENNEDY, Clerical Supervisor of Philadelphia Office of Administrative Review, in her individual capacity; | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ANGELINEL BROWN, Deputy Sheriff Sergeant of Philadelphia Sheriff's Office, in her individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

### COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS, DEFAMATION AND INJURY TO THE PERSON
_____

### INTRODUCTION

1.    Plaintiff, Sergei Kovalev, brings this action on his behalf to recover all damages,

penalties and other remedies established by the laws of the United States and the laws of the

State of Pennsylvania.

2.    Plaintiff Sergei Kovalev seeks redress for the deprivation and conspiracy to deprive

Plaintiff of his federally protected rights as hereafter alleged, and for defamation and injury to

the person.

1

3.     Defendants in this legal matter were engaged in systematic harassment, defamation, intentional and negligent infliction of emotional distress and mental trauma, assault, unlawful discrimination of Plaintiff because of his race, and/or his ethnicity and/or his national origin, deprivation and conspiracy to deprive Plaintiff of his federally protected rights, in violation of existing constitutional provisions, statutes, regulations, and laws.

## JURISDICTION AND VENUE

4.     Federal Courts have subject matter jurisdiction over claims involving provisions of the United States Constitution and federal law matters.

5.     This action is brought pursuant to 42 U.S.C. § 1983, 1985, 1988, the First, Ninth and Fourteenth Amendments to the Constitution of the United States.

6.      Plaintiff evokes the jurisdiction of this Court pursuant to Title 28 U.S.C. § 1331, 1343 and 1367.

7.     Venue for this action is  appropriate pursuant to 28 U.S.C. § 1391 because the event(s) that gave rise to this complaint occurred within the judicial boundaries of this court.

## PARTIES

8.     Plaintiff Sergei Kovalev ("Plaintiff") is the citizen of the United States and holds residence in the City of Philadelphia, State of Pennsylvania.

9.     Defendant City of Philadelphia (the "City") is a municipality located in the State of Pennsylvania, capable of suing and being sued. City of Philadelphia at all times relevant to this action was officially responsible for the policies, practices, and customs involving acts of its employees, and at all times relevant was the employer of all individual defendants in this matter.

10.     Defendant Paula Weiss ("Weiss") sued in this legal action in her individual capacity. Defendant Weiss at all times relevant to this Complaint was employed by the City of Philadelphia as Executive Director for the Philadelphia Office of Administrative Review/Tax

Review Board located at 100 South Broad Street, Suite 400, City of Philadelphia, and State of Pennsylvania. Defendant is responsible for causing the violations of Plaintiff's constitutional rights.

11.     Defendant Yolanda Kennedy ("Kennedy") sued in this legal action in her individual capacity.  Defendant Kennedy, at all times relevant to this Complaint was employed by the City of Philadelphia as Clerical Supervisor for the Philadelphia Office of Administrative Review/Tax Review Board located at 100 South Broad Street, Suite 400, Philadelphia, Pennsylvania. Defendant is responsible for causing the violations of Plaintiff's constitutional rights, intentional and negligent infliction of emotional trauma, defamatory actions against Plaintiff and conspiracy to deprive Plaintiff of his civil rights.

12.     Defendant Angelinel Brown ("Brown") sued in this legal action in her individual capacity.  Defendant Brown at all times relevant to this Complaint was employed by the City of Philadelphia as Deputy Sheriff Sergeant of the Philadelphia Sheriff's Office located at 100 South Broad Street, 5th Floor, City of Philadelphia, State of Pennsylvania. Defendant is responsible for causing the violations of Plaintiff's constitutional rights, intentional and negligent infliction of emotional trauma, harassment, intimidation and civil assault.

## FACTUAL ALLEGATIONS

13.     City of Philadelphia maintains Office of Administrative Review / Tax Review Board located at 100 South Broad Street, Suite 400, Philadelphia, Pennsylvania. All administrative representatives are salaried City employees. All Board members are financially compensated by the City of Philadelphia.

14.     City of Philadelphia maintains Philadelphia Sheriff's Office located at 100 South Broad Street, 5th Floor, City of Philadelphia, State of Pennsylvania. Sheriff, all deputy sheriffs and other administrative representatives are salaried City employees.

3

15.    Office of Administrative Review / Tax Review Board and Philadelphia Sheriff's Office, both are located in the same building.

16.    According to the existing information, the City of Philadelphia performs no any specialized training; neither performs any regularly administered guidance classes related to the prevention of the civil rights violations.

17.    The same way, according to the existing information, executive administrators assigned to various departments of the City are not offering any specialized training or any regularly administered guidance classes related to the prevention of the civil rights violations.

18.    The City of Philadelphia mostly relying not on pre-occurrence preventive measures, but on post-occurrence recommendations of the Law Department that are based on already existing civil rights violations.

19.    Absence of direct supervision and guidance for the executive administrators and the same way, absence of direct supervision and guidance for the employees of the City of Philadelphia became a policy and practice in the City administrative offices.

20.    City's failure to provide adequate training for employees and administrators, and deliberate indifference to a known risks of harm, caused the violation of the Plaintiff's rights.

21.    As a direct and proximate cause of the City of Philadelphia and all other involved defendants actions, policies, and practices, Plaintiff Sergei Kovalev suffered irreparable injury to his constitutional and other legal rights.

22.    The Office of Administrative Review reviews cases where citizens disagree with a fine, violation notice, or other administrative decision made by the City of Philadelphia. The Office of Administrative Review supposedly provides appeal process, administers hearings, and manages the financial aspects of disputed cases.

23.    In real life, the Office of Administrative Review is nothing more, but illusionary creation constructed and maintained by the City of Philadelphia on the conflicts of interest

and under the false pretences of awarding to citizens some rights that absolutely are not existing under the current circumstances.

24.    Office of Administrative Review is the Department within the City, where everybody is financially compensated by the City and where all administrative workers are employees of the City. Under such conflicting provisions, no real or lawful relief can be awarded to citizens.

25.    All administrative representatives are salaried City employees. All Board members are financially compensated by the City of Philadelphia.

26.    Instead of providing neutral mediation services, the Office of Administrative Review upholding in most cases only financial interests of the City.

27.    Defendant Paula Weiss at all times relevant to this Complaint was employed by the City of Philadelphia as Executive Director for the Philadelphia Office of Administrative Review/Tax Review Board. Public records are showing that City pays her salary of approximately $124,200 per year.

28.    Defendant Paula Weiss has a direct and immediate responsibility to train and supervise employees of the City that are working in her office.

29.    Events surrounding matters of this legal action are pointing to the facts that Defendant Weiss failed to conduct proper supervision and training of her employees and Defendant's actions, policies and practices caused Plaintiff Sergei Kovalev to suffered irreparable injury to his constitutional and other legal rights.

30.    Events that created basis of this legal action are pointing to the facts that some employees of the Defendant Weiss's department most likely became conspirators that conspired to deprive Plaintiff Kovalev of his federal constitutional rights.

31.    Events surrounding matters of this legal action are also pointing to the facts that Defendant Weiss's department most likely became involved in retaliatory activities with

intention to harass, intimidate, oppress and deprive Plaintiff Kovalev of his constitutional and other legal rights.

32.    Plaintiff Sergei Kovalev, as a representative of the religious entity was involved in the official appeal process, where the Department of Revenue of the City of Philadelphia illegally and in direct contradiction to the City's own rules was assessing under false pretenses and in "extortion-like" manner commercial trash collection fees against the exempted property used as a House of Worship.

33.   On October 14, 2015, Plaintiff Sergei Kovalev initially went to the informal hearing conducted by the Philadelphia Office of Administrative Review that was performed with obvious and open agenda only to collect payments that City had no any legal right to collect.

34.    After October 14, 2015 biased hearing, Sergei Kovalev needed to send to the Defendant Paula Weiss complaint about her so-called "hearing master", who had no desire to hear anything and attempted to abuse and to intimidate Plaintiff with false claims that he is a "judge" and it was his "court". Assumingly is was a City's tactic to discourage people from appealing such concocted and extremely biased "decisions" of the Office of Administrative Review that in most cases are made only for the financial interests of the City.

35.    Fraud and intimidation appears to be a classic style of the Philadelphia Office of Administrative Review operations.

36.    Previous complaint send by Sergei Kovalev to the Defendant Paula Weiss, most likely was a basis for the initiation of harassment and discriminatory acts described in this legal action.

37.    On December 10, 2015, Plaintiff Sergei Kovalev attended Tax Review Board hearing conducted by the Philadelphia Office of Administrative Review, located at 100 South Broad Street, Suite 400, Philadelphia, Pennsylvania.

38.   Tax Review Board, as always, was upholding an interest of the City that selected all Board members and was generously financially compensating members of such Board.

39.   As a form of harassment and assumingly retaliation for the submitting to Defendant Paula Weiss complaint, on December 10, 2015 Tax Review Board at the time of hearing refused to make a decision in Kovalev's appeal case, just to postpone without any legitimate reasons issuance of decision for seven full months and to deny such appeal seven months later.

40.   During the Board hearing, on December 10, 2015, Plaintiff Sergei Kovalev indicated his desire to continue appeal to the level of the Court of Common Pleas.

41.   It is reasonably assumed that Plaintiff Sergei Kovalev's intention to continue appeal to the court level, created a desire for retaliation among defendants-conspirators working in the Philadelphia Office of Administrative Review, which is under the administrative control of the Defendant Weiss.

42.   After conclusion of the Board hearing, on December 10, 2015, Plaintiff Sergei Kovalev walked into the public area in front of reception desks of the Office of Administrative Review and asked in polite manner the list of the Board members.

43.   Plaintiff Sergei Kovalev has an academic doctoral degree (including higher educational level in legal sciences studies) and has perfect knowledge how to behave in diplomatic and civilized manner and how to perform conduct in public areas. Polite request for public information during business hours of the public office, is constitutionally protected civil right of any person.

44.   Information about Tax Review Board members is public information that must be readily available to any interested person. Furthermore, all names of the Tax Review Board members are also published on the website for the Tax Review Board (http://www.phila.gov/trb/index.html).

7

45. Tax Review Board members are public servants and are financially compensated from taxpayer's monies, accordingly any taxpayer has a legal and constitutional right to ask the Office of Administrative Review for the names of the Tax Review Board members.

46. Upon request, representative of the Office of Administrative Review provided a list of the Board members; however, Sergei Kovalev noticed that not all members were present at the time of hearing. When Plaintiff asked for clarification, representative of the Office of Administrative Review suggested going to the Hearing Room and to see the name signs placed on the table used by Board members.

47. According to the suggestion of the Office of Administrative Review representative, Plaintiff Sergei Kovalev walked into the Hearing Room in quiet manner just to see the name signs placed on the table accommodating Board members.

48. At no time, Plaintiff Sergei Kovalev disturbed anybody, because at the time of his quiet entrance into the Hearing Room, all Board members were leaving, for some sort of a break or because of the conclusion of all hearings for the day.

49. The Philadelphia Code Section 19-1701(3)(e) provides that all hearings held by the Tax Review Board are open to the public and any person can attend such hearing, unless hearing is closed or privileged. Accordingly, Plaintiff Sergei Kovalev had a constitutional and legal right to enter into the Hearing Room, especially because he was a participant of the same hearing on the same day.

50. Plaintiff Sergei Kovalev spent very short time in the Hearing Room, probably less than a minute, just enough time to compare Board members' name signs posted on the hearing table to the list of Board members provided by the Office of Administrative Review.

51. Plaintiff Sergei Kovalev walked back to the public area in front of reception desks of the Office of Administrative Review, just to confirm the fact that one Board member was absent during his Hearing.

52.   At the moment of placing the Board members list into his handbag, Plaintiff observed

entire Sheriff's Department squadron entering the public area of the Office of Administrative

Review. This squadron of three deputy sheriffs was fully armed and two deputy sheriffs had

bulletproof vests, all had numerous weapons and handguns.

53.   Deputy sheriffs started quiet communicate with the representative of the Office of

Administrative Review and were turning heads into the direction of Plaintiff.

54.   Despite the fact that Sergei Kovalev had some additional questions about his hearing

that was not concluded and no final decision was issued during the hearing, he felt very

uncomfortable being surrounded by the squadron of fully armed three deputy sheriffs that

were staring at him and he decided to walk out the public reception area of the office.

55.   At the moment of walking out of the public reception area, Plaintiff noticed that three

deputy sheriffs started walking after him, initially in the distance of a few feet.

56.   Plaintiff later identified these deputy sheriffs as Deputy Sheriff Sergeant Angelinel

Brown, Deputy Sheriff Cody Sheriff and Deputy Sheriff Andrea Sharamatew.

57.   Extremely surprised, Plaintiff stopped and asked deputy sheriffs, "Why you are

following me? Something is wrong?"

58.   Deputy Sheriff Cody Sheriff and Deputy Sheriff Andrea Sharamatew were keeping a

few feet distance from the Plaintiff; however, Defendant Angelinel Brown stepped very close

to the Plaintiff and in very intimidating pose told him, "Someone does not want you to be

here" and added, "Move on".

59.   Plaintiff asked, "What is going on?"

60.   Defendant Brown started walking right into the Plaintiff, making him to step back every

time when she was stepping almost into the Plaintiff, just to avoid physical contact with

Defendant Brown. Every time, when Defendant Brown was stepping almost into the Plaintiff,

she was giving orders, "Move on", "Continue going".

61.   By walking into the Plaintiff, Defendant Brown was pushing Plaintiff out of the public office where he had legal and constitutional right to be.

62.   It also appears that Defendant Brown was intentionally provoking Plaintiff for some form of confrontation because if he would stop backing from her, even for the moment, she would walk into him and at that moment, when she would touch Plaintiff, most likely, she was planning to arrest him without any reason or cause, just for being peacefully in public office where he was attending his own public hearing (defending Church's interests), appealing illegal financial extortion of the City of Philadelphia.

63.   In described above way, Defendant Brown pushed Plaintiff out of the public space and out of the public office, where he had legal and constitutional right to be.

64.   Defendant Brown pushed Plaintiff (by walking into him) to the elevator and ordered him, "Get into the elevator and leave".

65.   There were many people around the Office of Administrative Review, including employees and visitors and Plaintiff felt the greatest degree of humiliation and mental distress, especially because he never did anything inappropriate but was without any cause attacked by the Defendant Brown.

66.   When Plaintiff entered the elevator, deputy sheriffs did not enter the elevator.

67.   Plaintiff exited building and walked to another entrance leading to the City of Philadelphia Sheriff's Office located at 100 South Broad Street, 5th Floor., the same building but different entrance.

68.   Sergei Kovalev wanted to find out what was going on and why he was harassed and chased from the public office where he was peacefully present and was conducting necessary and lawful affairs during business hours.

69.   It appears that Defendant Brown managed to use other elevator or some other staircase; and at the moment when Sergei Kovalev approached the City of Philadelphia Sheriff's

Office, Defendant Brown was present in front of the entrance and was not allowing Plaintiff

to enter the Sheriff's Office by using the same form of harassment and intimidation, by

walking right into the Plaintiff, so he had no other choice but to make step back every time

when Defendant Brown was walking into the Plaintiff.

70.    Plaintiff told Defendant Brown, "I want to clarify what is going on".

71.    Defendant Brown was answering, "There is nothing to clarify, nothing happened".

72.    Defendant Brown pushed Plaintiff (by walking into him) into the middle of the hall in

front of the entrance into the Sheriff's Office and was not allowing him to enter into the

Sheriff's Office (by walking into him, so he needed to step out from her, every time when

Defendant Brown was stepping into the Plaintiff).

73.    Plaintiff told her that he wants to know why she forced him to leave and why she is

interfering with his right to enter the Sheriff's Department. Defendant Brown again stated

that nothing happened and there is nothing for Plaintiff to do in the Sheriff's Department.

74.    City of Philadelphia Sheriff's Office is a public property financed and supported by

taxpayers' monies and any person has a legal and constitutional right to enter Sheriff's Office

for necessary reasons during business hours, when office is open.

75.    Time was approximately 3:15 P.M. and Sheriff's Office was officially open for any

member of the public to enter; however, Defendant Brown was intentionally deterring and

physically stopping Plaintiff (by placing herself in front of Plaintiff) and not allowing him to

enter public office where he planned to learn what exactly happened, why he was harassed,

abused, intimidated and assaulted by the Defendant Brown.

76.    Short time later, Deputy Sheriff Cody Sheriff and Deputy Sheriff Andrea Sharamatew

walked out of the Sheriff's Office and Deputy Sheriff Cody Sheriff told that Sheriff's Office

received a telephone call from the Philadelphia Office of Administrative Review/Tax Review

Board.

77.   Deputy Sheriff Cody Sheriff went inside the Sheriff's Office to prepare "Incident Report".

78.   All that time, Defendant Brown was staying in front of Sergei Kovalev, not allowing him to enter into the Sheriff's Office that was opened to any member of the public.

79.   Sergei Kovalev was treated by Defendant Brown as some sort of "third class" person who according to her acts, had no right to enter any public office, not the Office of Administrative Review, neither the office of Sheriff's Department, when both offices were opened for public.

80.   About approximately 8-10 minutes later, Deputy Sheriff Cody Sheriff gave Sergei Kovalev "Incident Report".

81.   "Incident Report" provided information that Philadelphia Sheriff's Office was contacted by   Defendant Kennedy, City's employee in the capacity of Clerical Supervisor for the Philadelphia Office of Administrative Review, who made a false report, falsely claiming that Plaintiff is "disorderly person". However, Plaintiff never did anything "disorderly" and only asked in very polite manner for the list of Board members, where such information is public information.

82.   Defendant Kennedy is supervising clerk of the Office of Administrative Review and it is reasonably assumed that Defendant Kennedy contacted and got approval from the Defendant Weiss to initiate false report to falsely label Plaintiff as "disorderly person" only because Plaintiff very politely asked for the list of Board members; and obviously, Defendant Kennedy and Defendant Weiss did not like it.

83.   Even if Defendant Kennedy acted personally by violating Plaintiff's constitutional rights, by inflicting severe emotional trauma to Plaintiff and by defaming Plaintiff with her false, outrageous and prejudicial accusations, Defendant Weiss still is liable for the acts of her assistant by failing properly train and properly supervise her.

12

## FIRST CLAIM FOR RELIEF:

## FAILURE TO SUPERVISE AND PROPERLY TRAIN SUBORDINATE EMPLOYEES
*Against Defendant City of Philadelphia and Defendant Weiss, in her individual capacity.*

84.   Plaintiff incorporates by reference each and every allegation set forth in this Complaint.

85.   As a direct and proximate cause of Defendant City of Philadelphia and Defendant

Weiss' failure to train and supervise subordinate employees, defendants' actions, policies,

and practices created deliberate indifference to the constitutional rights of Plaintiff Sergei

Kovalev who suffered irreparable injury to his constitutional and other legal rights.

86.   Defendants were acting willfully, knowingly and purposefully and/or with deliberate

indifference to deprive Plaintiff of his Constitutional Rights.

87.   As a result of the nature of defendants' conduct, Plaintiff is entitled to recover damages

against defendants.

## SECOND CLAIM FOR RELIEF:

## VIOLATION OF FIRST, NINTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
*Against defendant Weiss, Kennedy and Brown, in their individual capacities.*

88.   Plaintiff incorporates by reference each and every allegation set forth in this Complaint.

89.   Plaintiff had constitutional right to express his opinion or request in appropriate manner

public information.

90.   Plaintiff had constitutional right to enter public offices during business hours, to remain

for lawful purposes on public property during business hours and, and to ask City employees

question about involved administrative procedures.

91.   Plaintiff was denied almost all applicable civil rights, was treated as some sort of

subhuman or a "third class" person only because he attempted very politely to express his

questions and was planning to continue appeal process involving City's illegal and

unconstitutional practices.

92.   Defendants Weiss and Kennedy under false pretenses engaged entire Sheriff's Office fully armed squadron only to deprive law abiding Plaintiff of most all of his constitutional rights, with their intention to harass and to intimidate Plaintiff.

93.   It appears that the City and the Office of Administrative Review with their supervisors and administrators are ready to implement any possible harm against any person who would try to object in lawful manner illegal activities of the City of Philadelphia and involved departments.

94.   As a result of the nature of defendants' conduct, Plaintiff is entitled to recover damages against defendants, including punitive damages.

### THIRD CLAIM FOR RELIEF:

**VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION – RETALIATION AND INTERFERENCE WITH DUE PROCESS**
*Against Defendant Weiss and Defendant Kennedy, in their individual capacities.*

95.   Plaintiff incorporates by reference each and every allegation set forth in this Complaint.

96.   Plaintiff believes, and therefore avers, that Plaintiff's previous complaint addressed to the Defendant Weiss, verbal statement that he will be proceeding with the Court of Common Please appeal and later request for the list of Board members caused Defendants Weiss and Defendant Kennedy to retaliate against Plaintiff by filing false report with Sheriff's Office and by requesting forcibly remove peaceful Plaintiff who was performing peaceful activities on public property accessible by any member of the public during business hours.

97.   All Plaintiff's statements, such as justified complaint about abusive hearing master, desire to appeal any not favorable decision and verbal request for the list of Board members were protected First Amendment activities.

98.   Defendant Weiss and Defendant Kennedy's retaliation was unlawful and would chill an ordinary person in the exercise of the First Amendment rights, namely verbally asserting their rights.

14

99.   Defendant Weiss and Defendant Kennedy's retaliation activities never ended on December 10, 2015. Both defendants were in control of the appeal process but were intentionally withholding making of any decision/discouraging Board members from making any decisions in the Plaintiff's appeal case, until seven months passed. However, most decisions supposed to be made on the day of hearing or approximately within a month.

100.   As a result of the nature of defendants' conduct, Plaintiff is entitled to recover damages against defendants, including punitive damages.

### FOURTH CLAIM FOR RELIEF:

### VIOLATION OF NINTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION – RACIAL AND/OR NATIONAL ORIGIN AND/OR ETHNIC ORIGIN DISCRIMINATION
*Against Defendant Kennedy and Defendant Brown, in their individual capacities.*

101.   Plaintiff incorporates by reference each and every allegation set forth in this Complaint.

102.   Plaintiff is the United States citizen who can be described as a White person.

103.   Plaintiff is also the United States citizen who historically belongs to the Eastern European National Origin.

104.   Defendants Kennedy and Brown, both of African-American racial background were involved in the most outrageous and discriminative conduct against person who is different from them by skin color and by national origin.

105.    It is established by the courts of proper jurisdiction that defendants discriminating people from other racial, ethnic or national backgrounds do not need to express openly their dislikes for the people that are different in any way from the discriminating group of people and actual conduct can be a proof of racial, ethnic or national discrimination.

106.    Both involved defendants were treating Plaintiff, who is a White person, as some sort of subhuman, or the "third class" individual.

107.   Defendant Kennedy fabricated false claims against lawful and peaceful Plaintiff who was lawfully and peacefully present on the public property during business hours, when such public property was fully accessible to any member of the public.

108.   Defendant Kennedy not only fabricated false claims against lawful and peaceful Plaintiff who was lawfully and peacefully present on the public property during business hours, when such public property was fully accessible to any member of the public, this defendant by using her connections to the Philadelphia Sheriff's Office demanded presence of the entire squadron of deputy sheriffs loaded with deadly weapons, just to attack, harass and intimidate Plaintiff who was peacefully and lawfully conducting affairs involving City's activities, where City was extorting monetary payments from Plaintiff in illegal manner and under false pretenses by demanding large payments that City assessed against religious property that was exempted by City's own regulations from any commercial trash fees.

109.   African-American Defendant Kennedy deliberately and intentionally staged and created abuse and violation of Plaintiff's (who is a White person) constitutional and other legally protected rights and another African-American Defendant Brown was continuing staged by Defendant Kennedy's harassment, abuse and intimidation of Plaintiff.

110.   Most outrageous part of this situation is the fact that Defendant Brown is a sergeant of the Sheriff's Office, who must be very familiar with legal rules and regulations. Instead of upholding legal regulations, Defendant Brawn engaged in violation of Plaintiff's civil rights and other forms of abuses.

111.   "Sheriff's Incident Report" indicated that deputy sheriffs were invited by Defendant Kennedy under her vicious and, most likely racially motivated, false pretenses against law abiding Plaintiff.

112. Peaceful Plaintiff, according to such so-called "Incident Report" was doing nothing but only placing papers in his bag. Papers were representing a list of Board members that

Plaintiff politely requested and received just a few minutes ago, before the arrival of

Defendant Brown accompanied by two other deputy sheriffs (two other deputy sheriffs were

not directly approaching Plaintiff but were observing the scene from the distance of a several

feet).

113.   Defendant Brown never observed anything disturbing or extraordinary, but

immediately engaged herself into harassment against Plaintiff, intimidation of Plaintiff and

obvious provocative activities against Plaintiff when she was walking directly on the

Plaintiff and Plaintiff needed to step back every time when Defendant Brown was

intentionally staging situation to provoke Plaintiff for any form of action.

114.   It was obvious that if Defendant Brown would touch Plaintiff during her aggressive

walking directly into the Plaintiff, she most likely was planning to attack Plaintiff with force.

115.   Only Plaintiff's familiarity with laws, most likely, saved him from the direct attack

and possibility of injuries.

116.   After chasing peaceful and law abiding Plaintiff from the fourth floor of the building

where Defendant Kennedy was conducting her, most likely, racially motivated activities,

Defendant Brown repeated exactly the same aggressive tactics when in the same manner she

stopped Plaintiff from the entering into the Sheriff's Office, where he wanted to find out why

he was attacked by Defendant Brown and had an intention for file a complaint against her.

117.   For almost twenty minutes, Defendant Brown was holding Plaintiff in the hallway near

the entrance to the Sheriff's Office, by stepping in front of Plaintiff, so he would not have any

chance to enter into the Sheriff's Office that was opened at that time for public.

118.   Defendant Kennedy and Defendant Brown personally deprived Plaintiff of civil right

to enter or to remain on the public property and deprived him from entering into the public

offices that were opened to any member of the public during the business hours.

119.    As a result of the nature of defendants' conduct, Plaintiff is entitled to recover damages against defendants, including punitive damages.

## FIFTH CLAIM FOR RELIEF:

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL AND PSYCHOLOGICAL TRAUMA
*Against defendants Weiss, Kennedy and Brown, in their individual capacities.*

120.    Plaintiff incorporates by reference each and every allegation set forth in this Complaint.

121.    Defendants in this legal manner have acted in a manner so outrageous in character and so extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

122.    Defendants inflicted intentional mental trauma and emotional distress to Plaintiff that still lasts to the present time.

123.    Defendants conduct was extreme and outrageous, and Plaintiff has suffered great mental anguish and distress causing among other things, sleepless nights, stress in his life, worry and fear in his contact with public officials.

124.    As a result of the nature of defendants' conduct, Plaintiff is entitled to recover damages against defendants, including punitive damages.

## SIXTH CLAIM FOR RELIEF:

## DEFAMATION
*Against Defendant Kennedy, in her individual capacity.*

125.    Plaintiff incorporates by reference each and every allegation set forth in this Complaint.

126.    By acting in the manner described in this complaint, Defendant Kennedy created an intentional act of defamation by providing and disseminating false information about Plaintiff who never did anything neither illegal, nor inappropriate.

18

127.    Such false information not only cause violation of Plaintiff's constitutionally protected rights, Defendant Kennedy transmitted false and slanderous statements to the Philadelphia Sherriff's Office in her and other involved defendants' attempts to harass, intimidate, abuse and to violate Plaintiff's constitutional rights.

128.    Defendant's Kennedy slanderous statements transmitted to the Philadelphia Sherriff's Office caused creation of written record ("Philadelphia Sheriff's Office Incident Report") based on the false allegations made by Defendant Kennedy.

129.    Acts of Defendant Kennedy caused severe and most likely permanent damage to the reputation of law abiding Plaintiff who never been in any place or in any situation so called "disorderly person", as falsely claimed by Defendant Kennedy.

130.    As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover damages against Defendant Kennedy, including punitive damages.

**SEVENTH CLAIM FOR RELIEF:**

**COMMON LAW ASSAULT**
*Against Defendant Brown, in her individual capacity.*

131.    Plaintiff incorporates by reference all allegations set forth in this Complaint.

132.    By acting in the manner described in this complaint, Defendant Brown created an intentional act that caused severe apprehension and greatest degree of fear for Plaintiff who was subjected to the greatest degree of possible and obvious possibility of imminent harmful or offensive contact, physical injuries and even possible death.

133.    Defendant Broun was armed and had an ability to use such weapons against peaceful and law abiding Plaintiff who never did anything but only carried out peaceful presence on public property where Plaintiff was obliged to be as a result of City's acts and City's attempts to obtain financial considerations from Plaintiff under City's false and illegal pretenses.

134.    As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover damages against Defendant Brown, including punitive damages.

## EIGHTH CLAIM FOR RELIEF:

## COMMON LAW HARASSMENT
*Against Defendant Brown, in her individual capacity.*

135.    Plaintiff incorporates by reference all allegations set forth in this Complaint.

136.    By acting in the manner described in this complaint, Defendant Brown performed an acts of harassment against law abiding Plaintiff.

137.    As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover damages against Defendant Brown, including punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Sergei Kovalev requests the following relief:

A.  That the Court award compensatory damages to Plaintiff and against all Defendants, jointly and severally, in the amount to be determined at trial.

B.  That the Court award damages to Plaintiff and against all involved defendants, jointly and severally, for violation of Plaintiff's constitutionally protected civil rights, in the amount to be determined at trial.

C.  That the Court award damages to Plaintiff and against all involved individual defendants, jointly and severally, for Plaintiff's emotional distress and mental anguish, in the amount to be determined at trial.

D.  That the Court award damages to Plaintiff and against all involved individual defendants, jointly and severally, for Plaintiff's emotional distress and mental anguish, in the amount to be determined at trial.

E.  That the Court award damages to Plaintiff and against all involved individual defendants, jointly and severally, for defamatory actions inflicted against Plaintiff, in the amount to be determined at trial.

20

F.  That the Court award damages to Plaintiff and against involved individual Defendant Brown, for common law assault against Plaintiff, in the amount to be determined at trial.

G.  That the Court award damages to Plaintiff and against involved individual Defendant Brown, for common law harassment inflicted upon Plaintiff, in the amount to be determined at trial.

H.  That the Court to award punitive damages to Plaintiff and against all individual Defendants, in their individual capacity, in the amount to be determined at trial.

I.  That the Court award to Plaintiff costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims, prejudgment and post-judgment interest;

J.  That the Court to award to Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and claims set forth in this Complaint, pursuant to the Seventh Amendment to the United States Constitution and the Federal Rule of Civil Procedure 38.

Dated: December 8, 2016

Respectfully submitted by:

Sergei Kovalev
Plaintiff Pro Se

5305 Oxford Avenue
Philadelphia, PA 19124
(215) 839-9562