# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SERGEI KOVALEV** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 16-6380 |
| | : | |
| **PAULA WEISS and YOLANDA KENNEDY** | : | |
| | : | |

# **MEMORANDUM**

**KEARNEY, J.**                                                                                                                                         **May 5, 2021**

      Parties prevailing before a jury may recover some of their out of pocket costs from the parties losing at trial. We apply a strong presumption in favor of awarding costs to the prevailing party. We require the party losing at trial to show an award of those costs identified as recoverable by Congress is somehow inequitable. Sergei Kovalev vigorously pursued his pro se claims against Philadelphia employees. The jury found in favor of the employees. Our Court of Appeals affirmed the judgment. The Supreme Court denied his petition for certiorari. The Philadelphia City Solicitor properly represented City employees. The Solicitor timely sought her costs at trial before Mr. Kovalev began his appeals. Our Clerk of Court entered judgment last month awarding the employees' identified costs. Mr. Kovalev objects. His objections largely lack merit or support other than his say-so. We agree with him on two limited issues regarding duplicative transcripts and the service fees charged by a private investigator. We reduce the Clerk's award of costs by $335.30. We enter judgment in favor the winning parties at trial and against the losing party Sergei Kovalev in the amount of $2009.03.

**I.**     **Background**

      Sergei Kovalev *pro se* sued the City of Philadelphia and three of its employees – Paula Weiss, Yolanda Kennedy, and Angelinel Brown – in their individual capacities for civil rights

and state law claims after they allegedly removed him from a public building and prevented him from being able to advocate during an administrative hearing.[1] Only his First Amendment retaliation claims against Ms. Weiss and Ms. Kennedy survived summary judgment.[2] A jury found Ms. Weiss and Ms. Kennedy did not violate Mr. Kovalev's constitutional rights after a three-day trial ending on January 12, 2018.[3] We entered judgment in favor of Ms. Weiss and Ms. Kennedy and against Mr. Kovalev.[4]

Ms. Weiss and Ms. Kennedy filed a bill of costs under Federal Rule of Civil Procedure 54(d) seeking a total of $2,344.33 ten days after we entered judgment.[5] They itemized $345.78 in fees for service of a subpoena, $1,918.55 in fees for printed or electronically recorded transcripts, and $80.00 in witness fees.[6] Ms. Weiss and Ms. Kennedy attached documents supporting the fees.[7] Meghan E. Claiborne, Esquire, the city solicitor and attorney for Ms. Weiss and Ms. Kennedy, swore the costs listed on the bill "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed."[8]

Mr. Kovalev timely appealed on February 4, 2018.[9] The next day, Mr. Kovalev filed sixteen pages of objections to the bill of costs.[10] Our Court of Appeals affirmed judgment in favor of Ms. Kennedy and Ms. Weiss on July 22, 2019.[11] Our Clerk of Court sent a letter to Attorney Claiborne and Mr. Kovalev on August 15, 2019 requesting Mr. Kovalev's written objections to the bill of costs within fourteen days. Our Clerk also told Mr. Kovalev the defendants may respond to his written objections within fourteen days of his objections."[12]

Mr. Kovalev timely filed "updated objections" to the bill of costs which largely mirrored his earlier objections.[13] Mr. Kovalev informed the Clerk's Office the next day he planned to petition for a writ of certiorari to the United States Supreme Court.[14] The Supreme Court denied

Mr. Kovalev's petition on December 9, 2019.[15]

The Clerk's Office docketed the bill of costs and entered judgment in favor of Ms. Kennedy and Ms. Weiss and against Mr. Kovalev in the amount of $2,344.33 on April 9, 2021.[16] The Clerk itemized the awarded costs: $345.78 for the service of summons and subpoena, $1,918.55 for printed or electronically recorded transcripts necessarily obtained for use in the case, and $80.00 for witnesses.[17]

## II.   Analysis

Mr. Kovalev timely moves to review and vacate the Clerk's April 9, 2021 taxation of costs and judgment. He argues (1) the Clerk's Office "was jurisdictionally out of time to tax anything"; (2) Ms. Kennedy and Ms. Weiss waived their right to costs because they failed to file a new bill of costs following our Court of Appeals' judgment; (3) Ms. Kennedy and Ms. Weiss cannot seek any costs because they did not actually incur costs; (4) Ms. Kennedy and Ms. Weiss had unclean hands; and (5) he does not have the ability to pay costs.[18] He further reiterates his objections to specific costs sought by Ms. Kennedy and Ms. Weiss, arguing for various reasons the costs incurred were unnecessary and unreasonable.[19] Attorney Claiborne responded to the objections, arguing the Clerk timely entered judgment, the City is entitled to recover costs, Mr. Kovalev's specific objections as to the costs lack merit, and Mr. Kovalev fails to adduce evidence of indigency.[20]

Federal Rule of Civil Procedure 54 provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."[21] The Rule creates a "strong presumption that costs are to be awarded to the prevailing party" and, accordingly, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances."[22]

Congress authorizes district courts and their clerks to tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.[23]

We review *de novo* the Clerk's determination of costs.[24] "To overcome the presumption in favor of the prevailing party and to deny that party costs," however, we "must support that determination with an explanation."[25] We may consider the prevailing party's "unclean hands, bad faith, dilatory tactics, or failures to comply with process" as well as "the losing part[y's] potential indigency or inability to pay the full measure of a costs award levied against them."[26] We may not consider factors such as the losing party's good faith in pursuing the instant litigation, the complexity of issues in the underlying litigation, or the relative disparities in wealth between the parties.[27] As the party bearing the burden of proof, the losing party must adduce evidence costs should be reduced or denied to the prevailing party.[28]

After careful review of the record and Mr. Kovalev's numerous objections, we deny the Motion in part except as to the duplicative costs incurred with respect to the videotaped deposition and rates for service above the Marshal rates in 2017. We reduce the taxation of costs and judgment entered against Mr. Kovalev by $335.30. We today enter judgment in favor of Defendants and against Mr. Kovalev for $2,009.03.

A.     **The Clerk timely taxed costs.**

Mr. Kovalev initially argues the Clerk's Office cannot tax any costs against him because

it has been over three years since we entered judgment against him and over one year since he exhausted all appeals.[29] Mr. Kovalev cites to Federal Rule 1, which provides the Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[30] He argues this Rule prevents the Clerk's Office from taxing costs long after the resolution of the case. Attorney Claiborne argues the Clerk's Office timely entered judgment, and Mr. Kovalev caused the delay he now argues about.[31] We agree with Attorney Claiborne.

Judge McLaughlin in *Lanning v. Southeastern Pennsylvania Transportation Authority* expressly rejected a losing party's argument costs should not be assessed because of an allegedly unreasonable lapse in time between the conclusion of a case and the entry of the taxation of costs.[32] Judge McLaughlin explained "neither [the rules] nor caselaw requires that the Clerk's taxation be . . . issued within a reasonable time."[33] She similarly found "no authority which would justify finding the Clerk's delay in issuing a Taxation of Costs indicates that the [prevailing party] had abandoned its petition."[34] Mr. Kovalev does not cite – nor can we find – any authority imposing a time limit on the Clerk's Office to issue a taxation of costs. The Federal Rules, Local Rules, and Clerk's Office Procedural Handbook only impose deadlines on the parties to the litigation with respect to taxation of costs. Federal Rule 1 generally provides a standard by which the Rules should be interpreted and cannot be read to impose such a time limit.

In the absence of authority imposing a time limit on the Clerk's Office, we decline to deny costs because of the allegedly unreasonable delay between the entry of judgment by the Clerk's Office and the final disposition of Mr. Kovalev's appeals.

### B. Ms. Weiss and Ms. Kennedy did not waive their right to costs.

Mr. Kovalev next argues Ms. Weiss and Ms. Kennedy waived their right to costs because they did not file a new bill of costs after our Court of Appeals issued a mandate affirming judgment against Mr. Kovalev.[35] He cites to a document within the Clerk's Office Procedural Handbook titled "Clerk's Notification of Time for Taxation of Costs," which outlines the process by which bills of costs can be submitted and objected to.[36] It states in relevant part:

> (2) No costs will be taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial. The party seeking taxation of costs must file a new notice of taxation of costs using form AO133, along with the required supporting documentation, within seventy-five (75) days of the determination of an appeal, motion for reconsideration, or motion for a new trial. The same procedures apply if a party files a petition for a writ of certiorari.
>
> (3) Failure to file a notice of taxation of costs using the required form and supporting documentation within the applicable seventy-five (75) day period, unless otherwise ordered by the court, will result in a waiver of costs.[37]

Mr. Kovalev argues this language makes clear Mr. Weiss and Ms. Kennedy needed to file a new taxation of costs after Court of Appeals entered final judgment. We disagree. While Ms. Weiss and Ms. Kennedy's failure to submit a bill of costs following our Court of Appeals' judgment and the Supreme Court's denial of the writ of certiorari may have waived their entitlement to costs incurred for the appeals process – which we do not have the ability to award – it does not somehow void the timely bill of costs they filed following judgment in this Court.

In *Allen v. National Railroad Passenger Corporation*, our Court of Appeals expressly rejected a losing party's argument a bill of costs should be rejected because the prevailing party filed it before all litigation was completed.[38] In *Allen*, the prevailing party submitted a bill of costs following summary judgment but prior to the resolution of the appeals process.[39] Our Court of Appeals explained, "we are aware of no rule that a bill of costs cannot be filed prior to resolution of the appeals process, so long as the Clerk does not tax costs before the ultimate

prevailing party has been determined."[40]

As in *Allen*, Ms. Kennedy and Ms. Weiss submitted their bill of costs ten days after we entered judgment in their favor and prior to Mr. Kovalev's exhaustion of appeals. Their failure to re-submit the same bill of costs following each stage of the appeals process does not render their timely-filed bill void. Ms. Kennedy and Ms. Weiss did not waive their right to costs.[41]

**C.     Ms. Kennedy and Ms. Weiss may seek costs incurred in defending the case.**

Mr. Kovalev repeatedly argues Ms. Kennedy and Ms. Weiss cannot seek costs because they did not actually incur any fees, nor did they have any obligation to pay any fees.[42] He claims the City of Philadelphia, which failed to file a bill of costs, incurred all costs associated with the case.[43] He does not cite authority for this proposition.

Mr. Kovalev's argument lacks merit. As Attorney Claiborne notes, Judge Yohn. expressly rejected an analogous objection to fees in *Guarrasi v. Gibbons*.[44] In *Guarrasi*, the court entered judgment in favor of an assistant district attorney in Bucks County, who subsequently filed a bill of costs under Federal Rule 54(d)(1) as the prevailing party.[45] The losing party argued, as Mr. Kovalev does, the assistant district attorney should not be entitled to costs because Bucks County – which defended the prevailing party – paid the costs.[46] Judge Yohn rejected the argument and affirmed the Clerk's taxation of costs, explaining Rule 54(d)(1) does not preclude an award of costs because a third party paid those costs.[47]

Attorney Claiborne, the city solicitor, represented Ms. Kennedy and Ms. Weiss throughout the case, including at trial. All invoices attached to the bill of costs appear to have been addressed to, and paid by, the City of Philadelphia. Attorney Claiborne further swore the costs "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Mr. Kovalev fails to cite authority

7

preventing Ms. Weiss and Ms. Kennedy from seeking costs on behalf of their attorney and, by extension, Philadelphia. Nor does he cite to authority requiring prevailing parties to pay for services out-of-pocket (rather than through their attorney) to recover costs.

**D. Mr. Kovalev offers no evidence of unclean hands.**

Mr. Kovalev argues Ms. Weiss and Ms. Kennedy came to us with unclean hands because "[w]hen [he] peacefully expressed his objections and mentioned that he may proceed with a legal action…Defendants decided to harass and to intimidate Plaintiff…."[48] Mr. Kovalev also appears to claim unclean hands because Ms. Weiss and Ms. Kennedy used witnesses who testified falsely and were "strategically prepared" by their counsel.[49] Mr. Kovalev misinterprets the doctrine of unclean hands and attempts to relitigate the underlying action.

A party seeking to invoke the doctrine of unclean hands generally must demonstrate "(1) the party seeking equitable relief committed an unconscionable act; and (2) the act is related to the claim upon which equitable relief is sought."[50] In the context of taxation of costs, a losing party must show the prevailing party engaged in misconduct or bad faith conduct during the litigation process.[51]

Mr. Kovalev fails to provide support the witnesses testified falsely, other than his unsupported and conclusory assertions rejected by the jury and the Court of Appeals. The fact Attorney Claiborne prepared the witnesses does not demonstrate misconduct, and indeed, is a routine part of the litigation process. Further arguments about the merits of the underlying dispute do not concern us because they do not demonstrate misconduct by Ms. Weiss, Ms. Kennedy, or their attorney during the litigation of the dispute.

**E. Mr. Kovalev's objections to specific costs incurred by Ms. Weiss and Ms. Kennedy lack merit except for the duplicative costs sought for the videotaped deposition and the charges for the private server.**

Mr. Kovalev objects to each of the costs Ms. Weiss and Ms. Kennedy seek in their bill of costs totaling $2,344.33, generally arguing they cannot recover any costs because (1) service fees for a private investigator are excessive and not authorized by statute; (2) the witnesses who attended the trial did not provide any relevant information; and (3) defense counsel did not use transcripts of depositions and hearings defense counsel during trial or at any other stage of the litigation.[52] Attorney Claiborne responds these specific objections lack merit and the fees sought for deposition transcripts and witness attendance are reasonable.[53] For the following reasons, we overrule Mr. Kovalev's objections except with respect to the costs incurred for the videotaped deposition.

### 1. Service of Subpoena

Mr. Kovalev first argues the $345.78 incurred for a private investigator to serve a subpoena on Philadelphian Taylor Smith should be denied because it is excessive and unauthorized by statute.[54] He claims Philadelphia "has hundreds of job-seeking process servers" willing to serve subpoenas for as low as $25 and who "often include[e] approximately three service attempts for the same fixed low price" rather than charging for each attempt.[55]

Congress allows prevailing parties to tax for subpoena fees.[56] But "'[c]ourts are divided over whether private process server fees are allowable under [Section 1920].'"[57] In general, "'[c]ourts in this [D]istrict have … allowed such costs when limited to the fee that would have been incurred if the subpoenas had been served by the United States Marshal.'"[58]

The documentation attached to the bill of costs shows the private investigator's Philadelphia office made three attempts to serve the subpoena on Ms. Smith on three separate

days in 2017.[59] For this work, the company charged four hours of investigative time at $72 per hour and 108 miles at $0.535 per mile.[60] By contrast, the Marshal's Office charged $65 per hour, or $7 per hour less, in 2017 and around $0.56 per mile.[61]

We accordingly reduce the taxation of costs by $25.30 to reflect this disparity.

### 2. Witness Fees

Mr. Kovalev next argues the $80 incurred for the attendance of two witnesses, Kaitlin McKenzie-Fiumara and Ms. Smith, should be denied because the witnesses did not provide relevant information and testified falsely at the direction of defense counsel.[62] Mr. Kovalev offers no evidence to support his assertions. We overrule this objection because it lacks merit.

Congress authorizes the taxing of witness fees.[63] It caps witness fees at $40 per day for each day's attendance, plus travel costs and a subsistence allowance.[64] Witness fees "are properly taxed when there is a good faith expectation that witnesses might be called and had to be made available for that eventuality."[65] Attorney Claiborne called both Ms. McKenzie-Fiumara and Ms. Smith to testify at trial.[66] The $40 Ms. Weiss and Ms. Kennedy seek for their attendance at trial is reasonable and will not be denied.

### 3. Depositions

Ms. Weiss and Ms. Kennedy seek (1) $227.92 for the transcript of an August 4, 2017 video deposition of Ms. Kovalev; (2) $310.00 for charges associated with the videotaping of the August 4, 2017 deposition; and (2) $688.02 for a transcript of a July 10, 2017 deposition of Mr. Kovalev.[67] Mr. Kovalev argues these costs should not be awarded because Ms. Weiss and Ms. Kennedy failed to demonstrate the depositions were necessary to defend the case.[68] He further argues costs cannot be awarded for both the video recording and the transcript of the videotaped deposition.[69] We agree with Mr. Kovalev only with respect to the duplicative nature of the

charges incurred for the videotaped deposition.

Congress authorizes courts to tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[70] A deposition transcript need not be absolutely necessary for costs to be recoverable.[71] "'It is sufficient that the depositions appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken.'"[72] For a videotaped deposition, however, the prevailing party may not recover the costs of both the transcript and the charges associated with the videotaping.[73]

We overrule Mr. Kovalev's objection to the extent he argues it was unreasonable for Attorney Claiborne to depose him on two separate occasions. Contrary to Mr. Kovalev's assertions, defense counsel used the transcripts of both depositions at various stages of the litigation, including at the summary judgment stage.[74] We decline, however, to tax costs for both the videotaping and the transcript of the videotaped deposition on August 4, 2017. We will accordingly reduce the taxed costs by $310.00, the cost associated with the videotaping of that deposition.

### 4. Other Transcripts

Mr. Kovalev next argues the $96.71 incurred to receive a transcript of the Tax Review Board hearing in *In Re: 3206 Frankford Avenue* and $595.90 incurred for the transcript of the July 13, 2017 hearing on Mr. Kovalev's various discovery motions in the underlying litigation should not be awarded because Ms. Weiss and Ms. Kennedy failed to use the transcripts at trial or at any other stage in the litigation.[75] This objection lacks merit. The record contradicts Mr. Kovalev's claim these transcripts played no role in the underlying litigation. Defense counsel cited both transcripts during the litigation, including in the motion for summary judgment.[76] We therefore decline to deny costs incurred in obtaining these transcripts.

**F.   Mr. Kovalev fails to adduce evidence he lacks the ability to pay the assessed costs.**

Mr. Kovalev finally argues we should exercise our discretion not to tax him because he is indigent and will not be able to pay costs.[77] He bases this argument on unsupported assertions he is not earning a salary, our order granting his request to proceed *in forma pauperis* in the underlying litigation over four years ago, and his motion to proceed *in forma pauperis* in the Supreme Court around one and a half years ago.[78] Attorney Claiborne responds Mr. Kovalev fails to put forth any evidence whatsoever as to his alleged indigency.[79] We agree with Attorney Claiborne and overrule Mr. Kovalev's objection as unsupported by any credible and recent evidence.

Our Court of Appeals explained "a party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity."[80] We may, but need not automatically, reduce costs or exempt the losing party from paying costs altogether based on a demonstrated inability to pay.[81] Taxes may be assessed against parties who proceed *in forma pauperis*.[82]

In *Wesley v. Dombrowski*, Judge Pratter reduced an award of costs assessed against an inmate because she reviewed his inmate trust account – submitted by the prevailing party – and concluded "common sense dictates . . . taxing [the inmate] with the full amount of costs . . . would be inequitable."[83] She noted the inmate himself completely failed to present any evidence of his indigence, *i.e.*, an affidavit swearing to his indigence, costs of his daily needs or medical care, or a statement from his inmate trust account, "other than his own statement to that effect."[84]

Mr. Kovalev similarly fails to present evidence of his indigence other than his own assertions. The only document he points to is an affidavit submitted in support of his *in forma pauperis* application over four years ago, arguing his finances have not changed since. Unlike in

*Wesley*, we do not have relatively recent evidence of his financial condition upon which to base a reduction or exemption of costs. Without such evidence, we decline to reduce the award on this basis.

## III. Conclusion

We grant the Motion only as to duplicative costs sought for the videotaped deposition and as to a portion of the costs sought for the service of a subpoena by a private investigator. We deny the Motion in all other respects. We accordingly reduce the taxation of costs by $335.30 and enter judgment for costs in favor of the Defendants requiring Mr. Kovalev pay them $2,009.03 in demonstrated costs required to be paid by federal law.

---

[1] ECF Doc. No. 3.

[2] ECF Doc. Nos. 140-41.

[3] ECF Doc. No. 190.

[4] ECF Doc. No. 189.

[5] ECF Doc. No. 195 at 1.

[6] *Id.*

[7] *Id.* at 2-16.

[8] *Id.* at 1.

[9] ECF Doc. No. 196.

[10] ECF Doc. No. 197.

[11] ECF Doc. No. 199.

[12] ECF Doc. No. 200.

[13] ECF Doc. No. 201.

[14] ECF Doc. No. 202.

[15] ECF Doc. No. 205-1 at 38.

[16] ECF Doc. Nos. 203-04.

[17] ECF Doc. No. 203.

[18] ECF Doc. No. 205 at 8-22, 40-42. Mr. Kovalev erroneously argues the doctrine of laches applies to bar recovery of costs. ECF Doc. No. 207 at 5. Under Pennsylvania law, the equitable doctrine of laches requires two elements: (1) inexcusable delay; and (2) prejudice. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 134 (3d Cir. 2000). Mr. Kovalev fails to show both elements here. Ms. Kennedy and Ms. Weiss timely submitted a bill of costs – with supporting exhibits – to the Clerk's Office ten days after we entered judgment in their favor and against Mr. Kovalev. ECF Doc. No. 195. Even assuming Mr. Kovalev could show unreasonable delay, he fails to articulate how he has been prejudiced.

Mr. Kovalev also appears to claim the Clerk's April 9, 2021 Judgment violated his civil rights. ECF Doc. No. 207 at 3. This claim also lacks merit. Mr. Kovalev fails to articulate a federal right implicated by the taxation of costs. The Clerk's Office entered judgment and taxed costs consistent with federal law.

[19] *Id.* at 22-40.

[20] *See* ECF Doc. No. 206.

[21] Fed. R. Civ. P. 54(d)(1).

[22] *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000) (quotations and citations omitted); *see also Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 324 (E.D. Pa. 2007).

[23] 28 U.S.C. 1920.

[24] *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000).

[25] *Id.* at 462 (quotations and citations omitted).

[26] *Id.* at 468.

[27] *Id.*

[28] *See id.* at 468.

[29] ECF Doc. No. 205 at 10-14.

[30] *Id.* at 11 (citing Fed. R. Civ. P. 1).

[31] ECF Doc. No. 206 at 6-7.

[32] Nos. 97-0593 & 97-1161, 2006 WL 3196458, at *1-2 (E.D. Pa. Oct. 31, 2006).

[33] *Id.* at *1.

[34] *Id.* at *2.

[35] ECF Doc. No. 205 at 11-12.

[36] ECF Doc. No. 205-1 at 68.

[37] *Id.*

[38] 285 F. App'x 937, 939 (3d Cir. 2008).

[39] *Id.*

[40] *Id.*

[41] Mr. Kovalev also notes Ms. Weiss and Ms. Kennedy failed to respond to his objections to the bill of costs. *See* ECF Doc. No. 205 at 6-7, 10. To the extent he argues this prevents them from seeking fees, his argument lacks merit. No statute, rule, or case law requires the prevailing party to respond to objections made.

[42] ECF Doc. No. 205 at 14-19.

[43] *Id.*

[44] ECF Doc. No. 206 at 7-8 (citing *Guarrasi v. Gibbons*, No. 07-5475, 2011 WL 382598 (E.D. Pa. Feb. 3, 2011)).

[45] 2011 WL 382598 at *1.

[46] *Id.*

[47] *Id.* at *1-2.

[48] ECF Doc. No. 205 at 20-22.

[49] *Id.* at 20.

[50] *Scherer Design Group, LLC v. Ahead Engineering LLC*, 764 F. App'x 147, 150 (3d Cir. 2019).

[51] *Hogan v. Raymond Corp.*, 586 F. App'x 856, 859-60 (3d Cir. 2014) (rejecting "unclean hands" argument with respect to a bill of costs because the losing party failed to adduce evidence of misconduct or bad faith conduct by the prevailing party and instead attempted to relitigate issues resolved at an earlier stage).

[52] *See* ECF Doc. No. 205 at 22-40. In his Motion, Mr. Kovalev repeats prior objections he filed after Ms. Weiss and Ms. Kennedy submitted their bill of costs and following our Court of Appeals' judgment. *See* ECF Doc. Nos. 197, 201. We therefore only refer to his objections as they most recently appear in his Motion.

[53] ECF Doc. No. 206 at 9-10.

[54] ECF Doc. No. 205 at 24-26.

[55] *Id.* at 25.

[56] *Montgomery County v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at *3-4 (E.D. Pa. May 13, 2004) (citing 28 U.S.C. § 1920(1)).

[57] *Id.* at *3 n.7 (quoting *Herbst v. Gen. Accident Ins. Co.*, No. 97-8085, 2000 WL 1185517, at *3 (E.D. Pa. Aug. 21, 2000)).

[58] *Id.*

[59] ECF Doc. No. 195 at 3-7.

[60] *Id.* at 3.

[61] 28 C.F.R. § 0.114(a)(3) (2013).

[62] ECF Doc. No. 205 at 26-30.

[63] 28 U.S.C. § 1920(3).

[64] *Id.* § 1821.

[65] *Microvote Corp.*, 2004 WL 1087196 at *7 (quotations and citation omitted).

[66] ECF Doc. No. 187.

[67] ECF Doc. No. 195 at 8-9, 11.

[68] ECF Doc. No. 205 at 30-38.

[69] *Id.* at 38.

[70] 28 U.S.C. § 1920(2).

[71] *Langbord v. U.S. Dept. of the Treasury*, No. 06-5315, 2017 WL 3953954, at *4 (E.D. Pa. July 10, 2017).

[72] *Id.* (quoting *Microvote Corp.*, 2004 WL 1087196 at *4-6)).

[73] *In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 617 (E.D. Pa. Oct. 5, 2011).

[74] *See, e.g.,* ECF Doc. No. 120 at 2, 24.

[75] ECF Doc. No. 205 at 38-40.

[76] *See, e.g.,* ECF Doc. No. 120 at 15, 19; ECF Doc. No. 120-1 ¶¶ 14, 16.

[77] ECF Doc. No. 205 at 40-42.

[78] *Id.* at 41.

[79] ECF Doc. No. 206 at 10-11.

[80] *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 (3d Cir. 2000).

[81] *Id.*

[82] 28 U.S.C. § 1915(e); *Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 100 (3d Cir. 1995).

[83] No. 03-4137, 2008 WL 2609720, at *5 (E.D. Pa. June 26, 2008).

[84] *Id.* at 4-5.